UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Susan Reynolds, | ) | Civil Action No.: 3:14-cv-02716-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT FIVE BROTHERS** |
| vs. | ) | **MORTGAGE COMPANY SERVICES** |
| | ) | **AND SECURING, INC.'S LOCAL RULE** |
| Green Tree Servicing, LLC and Five | ) | **26.03 DISCLOSURES** |
| Brothers Mortgage Company Services and | ) | |
| Securing, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

Pursuant to Rule 26.03 of the Local Civil Rules for the United States District Court for the District of South Carolina, Defendant Five Brothers Mortgage Company Services and Securing, Inc. ("Five Brothers") submits the following responses to Local Rule 26.03 Interrogatories.

(1) <u>A short statement of the facts of the case</u>.

**ANSWER:** In her Complaint, Plaintiff Susan Reynolds ("Plaintiff") alleges Five Brothers entered upon her property at 508 Sweet Thorne Road, Columbia, South Carolina, at the direction of Plaintiff's mortgage holder, Defendant Green Tree Servicing, LLC ("Green Tree"), as part of its attempt to wrongfully foreclose upon her home. Plaintiff alleges Five Brothers trespassed on her property, damaged her home, and hampered her ability to sell it (i.e., all at Green Tree's direction).

In connection with these general allegations, Plaintiff alleges causes of action for negligence, trespass, invasion of privacy, and unfair trade practices against both defendants. Plaintiff has alleged a separate claim for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"), against Green Tree.

1

**Plaintiff has also alleged a claim for violation of the Fair Debt Collection Practices Act ("FDCPA") against Five Brothers. Defendants have denied Plaintiff's allegations and have asserted affirmative defenses.**

(2)     <u>The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony</u>.

      <u>**ANSWER:**</u>

      a)     **Plaintiff Susan Reynolds**
           **c/o Plaintiff's Counsel**

           **Ms. Reynolds is expected to testify about the allegations set forth in her Complaint.**

      b)     **Employees of Defendant Green Tree Servicing, LLC (to be determined)**
           **c/o Counsel for Green Tree Servicing, LLC**

           **Green Tree Servicing, LLC employees are expected to testify about their knowledge of the allegations in Plaintiff's Complaint.**

      c)     **Becky Sutton, Director of Property Escalations Department and other potential employees of Defendant Five Brothers Mortgage Company Services and Securing, Inc.**
           **c/o Counsel for Five Brothers**

           **Ms. Sutton and other potential Five Brothers Mortgage Company Services and Securing, Inc.'s employees are expected to testify about their knowledge of the allegations in Plaintiff's Complaint.**

**Five Brothers reserves the right to call any witness named by Plaintiff in her responses to Rule 26.03 Interrogatories, or in response to any of the discovery requests served, as well as any representatives of the defendants with knowledge of Plaintiff's claims. Five Brothers reserves the right to supplement or modify the witness list as discovery progresses and it becomes aware of additional potential witnesses.**

(3)     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**ANSWER:** Five Brothers has not retained the services of an expert at this time. Five Brothers has not determined whether it will require expert testimony in this case. Five Brothers reserves the right to retain and identify expert witnesses in accordance with the Court's Scheduling Order in this case.

(4)     A summary of the claims or defenses with statutory and/or case citations support the same.

**ANSWER:** Plaintiff has alleged claims for negligence, trespass, invasion of privacy, unfair trade practices, violation of RESPA, and violation of FDCPA. Five Brothers incorporates by reference the defenses set forth in its Answer. In addition, and reserving the right to rely on additional law identified during case investigation, or on any additional claims or defenses in any subsequent pleadings, Five Brothers expects to rely on the following statutory and case citations:

a)   Failure to state a claim: Fed. R. Civ. P. 12(6) and interpreting case authority; see also Lambeth v. Bd. of Commissioners, 407 F.3d 266, 268 (4th Cir. 2005).

b)   Standard of care (i.e., general elements required to prove negligence): Thomasko v. Poole, 349 S.C. 7, 561 S.E.2d 597 (2002).

c)   Lack of proximate causation (i.e. general elements required to prove negligence: Thomasko v. Poole, 349 S.C. 7, 561 S.E.2d 597 (2002).

d)   Comparative/contributory negligence: Nelson v. Concrete Supply Co., 399 S.E. 2d 783 (S.C. 1991).

e)   Intervening/superseding negligence: Claytor v. General Motors Corp., 277 S.C. 259, 286 S.E.2d 129 (1982); Young v. Tide Craft, Inc., 270 S.C. 453, 242 S.E.2d 671, 1 A.L.R.4th 394 (1978).

f)   Intervening negligence/causation: Bishop v. South Carolina Dep't of Mental Health, 331 S.C. 79, 502 S.E.2d 78 (1998).

3

    g)    **Failure to mitigate: <u>Genovese v. Bergeron</u>, 327 S.C. 567, 490 S.E.2d 608 (Ct. App. 1997).**

    h)    **Apportionment: S.C. Code Ann. § 15-38-15, and any interpreting case authority.**

    i)    **Setoff: S.C. Code Ann. 15-38-50(1) and any interpreting case authority.**

    j)    **FDCPA: 15 U.S.C. § 1692 –1692p, and any interpreting case authority.**

    k)    **Punitive damages: <u>Phillip Morris USA v. Williams</u>, 546 U.S. 346 (2007); <u>State Farm Mutual Automobile Insurance Company v. Campbell</u>, 538 U.S. 408 (2003); and <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559 (1996).**

    l)    **South Carolina Fairness in Civil Justice Act of 2011: S.C. Code Ann. §§ 15-32-510 to 15-32-540 and any interpreting case authority.**

(5)    <u>Absent special instruction from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02</u>:

**<u>ANSWER</u>:    The parties have presented a proposed Amended Scheduling Order with the Rule 26(f) report.**

(6)    <u>The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in prepared the scheduling order. See generally Local Civil Rule 16.02(C)</u>.

**<u>ANSWER</u>:    See response to number 5 above.**

(7)    <u>The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge</u>.

**<u>ANSWER</u>:    Nothing at this time.**

Respectfully Submitted,

COLLINS & LACY, P.C.

By:   /s/ Brian A. Comer
      Brian A. Comer, Esquire (Fed. ID No. 9106)
      bcomer@collinsandlacy.com
      Claude T. Prevost, III, Esquire (Fed. ID No. 10438)
      cprevost@collinsandlacy.com
      1330 Lady Street, 6th Floor (29201)
      Post Office Box 12487
      Columbia, SC 29211
      (803) 256-2660 (Voice)
      (803) 771-4484 (Facsimile)

ATTORNEYS FOR DEFENDANT FIVE BROTHERS MORTGAGE COMPANY SERVICES AND SECURING, INC.

Columbia, South Carolina
August 12, 2014